LIZZIE DOUGHERTY *vs.* JOHN WELCH.

The act of 1885 (Session Laws 1885, ch. 102,) provides that evidence objected to shall not be received subject to the objection, unless both parties consent. Held not to apply to evidence received provisionally, with reference to further evidence which counsel propose to supply.

[Argued December 3d, 1885—decided January 4th, 1886.] .

ACTION for an injury from the bite of a dog; brought to the Court of Common Pleas, and tried to the court before *Studley, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*J. P. Pigott* and *W. S. Pardee*, for the appellant.

*J. W. Alling* and *S. C. Loomis*, for the appellee.

PARDEE, J. This is a complaint for damages for injuries resulting from the bite of a dog. Upon the first day of the trial, for the purpose of proving that the defendant was the keeper of the dog, the plaintiff offered evidence tending to prove that subsequently to the injury the defendant's wife stated in his absence that the defendant and herself, having unsuccessfully tried to get some one to shoot the dog, had killed him by poison. To this evidence the defendant objected, because there had been no proof of agency on the part of the wife to speak for the defendant in his absence. The counsel for the plaintiff stated that he in good faith believed that he could present other testimony which would make this admissible. The court then admitted the testimony offered, subject to the objection. After the close of the first day the trial was postponed and not resumed for a period of about two months. Within about a week after the adjournment the court notified counsel on both sides that he had rejected the testimony offered; and the finding is that it was not considered by him in rendering judgment. The reasons of appeal, pressed by the defendant, are substantially that the court erred, first, in receiving, secondly, in rejecting the offered testimony. The statute provides as follows :—" Whenever evidence offered upon the trial of any civil action is objected to as inadmissible, the court or committee trying such action shall not admit such evidence subject to the objection unless both parties agree that it be so admitted ; but if either party shall request a decision it shall be the duty of such court or committee to pass upon such objection and admit or reject the testimony." Session Laws of 1885, p. 463, ch. 102. The saving of time, the introduction of proof of events in the order of their occurrence, and the convenience of parties and witnesses, are oftentimes promoted by allowing the court to receive evidence as to the acts of a person who, it is claimed, was an

agent, before proof of the agency is presented; to receive it provisionally, conditionally only, upon assurance of counsel that he believes the agency can and will be proven; to be heard merely, not considered. The exercise of discretion in this regard has long been the privilege of the court, and the cited statute does not deprive him of it. It would be impossible to conduct judicial investigations upon the theory that everything which reaches the ear of the trier affects his final .determination of questions of fact beyond all power of resistance upon his part. There must be conceded to him the ability to bar his mind against influence from that which he hears either by accident or intention, if he knows it is not then evidence, and can only become so when properly supplemented. Under such circumstances it is not heard as present evidence; it is not taken into the mind; it is received rather as a folded writing to be opened and read when other evidence has made it proper to do so. There is a wide difference between this and the reception of evidence unconditionally, and the retention and consideration of it for days as pertinent and proper. After this it is not permitted to the trier to say that it has left no trace of its presence. No man can be quite certain that he is aware of all the influences which have produced conviction. It is one thing to prevent the entry of an influence into the mind; quite another to dislodge it. This case therefore is to be distinguished from *Jacques* v. *Bridgeport Horse Railroad Company*, 41 Conn., 61.

There is no error in the judgment complained of.

In this opinion the other judges concurred.