## NOBLE *v.* PORTSMOUTH.

Ordinarily, the question whether justice requires an amendment of the writ will not be revised at the law term.

The statement required by Gen. Laws, *c.* 75, *s.* 7, is sufficient, if it describes the injury as it existed at the time it was filed ; and in an action on the statute of highways the plaintiff's damages are not necessarily limited to the amount claimed in such statement.

A verdict will be set aside for unwarranted remarks of counsel to the jury in closing, rendering the trial unfair, unless the effect is seasonably removed.

CASE, for injuries from a defective highway. The injury complained of was a sprain of the ankle and foot. In the statutory statement filed by the plaintiff, the amount of damages claimed was $1,500, and in the writ $1,000. Before the case was opened to the jury, the plaintiff was allowed to amend by increasing the *ad damnum* to $3,000, and the defendants excepted. Verdict, $1,559.

In his closing argument to the jury, the plaintiff's counsel, after he had finished the discussion of the question of the defendants' liability, said to them, upon the question of damages,— "When people get $1,200 or $1,500 for a fracture, is $3,000 too much in this case?" The defendants seasonably objected to this remark as not authorized by any evidence in the case. Thereupon counsel desisted, but neither withdrew the remark nor

asked the jury to disregard it, and no action was taken by the court in reference to it.

*Ernest L. Guptill* and *Samuel W. Emery*, for the defendants.

*John S. H. Frink* and *Calvin Page*, for the plaintiff.

SMITH, J. Whether justice required the allowance of the amendment increasing the *ad damnum* was a question for the trial court, and ordinarily such questions will not be revised at the law term. *Broadhurst* v. *Morgan*, 66 N. H. 480. It is usual to grant such leave, as of course, upon motion, before trial. No reason has been shown why the exception to its allowance should be sustained. Gen. Laws, *c.* 226, *s.* 9; Laws 1879, *c.* 7, *s.* 1; How. Pr. 365; *Judge of Probate* v. *Jackson*, 58 N. H. 458.

The statement required by Gen. Laws, *c.* 75, *s.* 7, must be filed within ten days from the date when the traveller was injured. He is required to give, among other matters, a full description of his injuries, the extent of the same, and the amount of damages claimed therefor. The statement is sufficient, if it describes the injury as it existed at the time it was filed. "The plaintiff may recover damages not only for the injury described, but also for all the directly resultant injurious consequences, though they may not appear until long afterwards." *Robin* v. *Bartlett*, 64 N. H. 426, 429. The object of the statement is to enable the town authorities to investigate the alleged defect in the highway, and the extent of the injuries sustained by the traveller. *Leonard* v. *Bath*, 61 N. H. 67; *Carr* v. *Ashland*, 62 N. H. 665. The town may settle the claim, if upon investigation it shall deem that a proper thing to do, and thus protect itself from unnecessary and useless costs. But if the town declines to settle, there is no reason why the plaintiff, who has innocently underestimated his claim, should not recover his actual damages. His injury, which at first may have seemed slight, may prove to be serious. Within the brief period for filing the statement, the nature and extent of his injuries may not have become developed. *Robin* v. *Bartlett*, *qua supra.* Time may demonstrate that he was honestly mistaken, and the law does not visit upon him consequences which result from no fault of his.

The plaintiff's counsel, in his closing argument, said,—"When people get $1,200 or $1,500 for a fracture, is $3,000 too much in this case?" The plaintiff contends that this remark could not have influenced the verdict, unless on the question of damages; that it had no relevancy upon the question whether there was a defect in the highway, which the city was in fault for permitting to exist. By this remark it was intended the jury should understand that in this class of cases juries commonly award damages for fractures in sums varying from $1,200 to $1,500. The plaintiff would not have been allowed to show by evidence for what sums

verdicts for fractures have been recovered. The remark was incompetent, and tended to prejudice the defendants. It is impossible for the court here to say how far the jurors may have been influenced in their verdict upon the question of the defendants' liability by the unwarranted remark. A person cannot always appreciate the influences that lead to a result. *Jacques* v. *Horse Railroad*, 41 Conn. 61; *Dougherty* v. *Welch*, 53 Conn. 558, 560. " In a legal sense, a trial is not fair when such statements . . . can have any influence favorable to the party making them." *Bullard* v. *Railroad*, 64 N. H. 27, 32. In that case it was decided that if the trial was allowed to go on, the party in fault would be bound, after verdict in his favor, to obtain a finding that the result was not affected by his tort and ought not to be annulled on account of it. That fact has not been found in this case. The plaintiff has not met the burden which is upon him of showing it.

*Verdict set aside.*

BLODGETT, J., did not sit: the others concurred.