RAPID TRANSIT RAILWAY COMPANY V. MARY S. ALLEN.

Decided February 27, 1909.

**1.—Personal Injuries—Damages—Pleading—Evidence.**

The rule that a general allegation of damages for personal injury will admit evidence of such damages only as naturally and necessarily result from the injury charged, seems to be well established; but the rule is satisfied when from the facts stated the law infers other facts, for whatsoever the law infers from a given state of facts the adverse party is presumed to know and must take notice of, whether it is specially pleaded or not.

**2.—Same.**

It is not essential, in order to let in proof thereof, that all the results of the act or injury complained of should be set forth in detail, if such results are necessarily or legally implied from the injuries alleged.

**3.—Same—Impairment of Mental Faculties—Allegation and Proof.**

It is well understood that the mind, nervous system and body are so intimately connected that the mind is likely to become affected by a severe nervous

shock or physical injury, and hence proof of impairments of these faculties will be received usually under allegations of grievous or permanent bodily injury.

### 4.—Evidence—Impairment of Mental Faculties—Pleading.

Under allegations that the plaintiff was seriously and permanently wounded, bruised and injured, both internally and externally in and on her back, spine and other parts named, and her nervous system impaired and shattered, testimony that some eighteen months after the accident she was a mental wreck and that her mind was seriously affected, was admissible.

### 5.—Measure of Damages—Personal Injuries—Future Consequences.

A recovery can only be had for such future apprehended consequences of an injury or existing condition as will reasonably and probably result therefrom, and the jury in assessing damages therefor should be confined by the charge of the court to such probable results; but in the introduction of testimony it would be difficult to confine the witness to the use of the language usually employed by the courts to express the rule.

### 6.—Evidence—Future Consequences of Personal Injuries—Damages.

By the admission of testimony, that if the hysterical and neurotic condition with which the plaintiff was suffering was not cured "it might result in insanity," over objection that what is liable to result from an injury is not a proper criterion of damage, the defendant did not sustain any substantial injury; especially in view of other testimony, properly admitted, that as the result of the injuries plaintiff was a mental wreck.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Walter H. Walne* and *Finley, Knight & Harris,* for appellant.—It is error for the court to permit the introduction of testimony as to any injury or condition resulting from injury in the absence of sufficient basis in the pleading for same, and the court therefore erred in permitting plaintiff's witness, Dr. S. Egan, to testify over defendant's objection, that plaintiff's mind was seriously affected, there being in plaintiff's petition no claim or allegation that her mind was seriously affected, and no allegation sufficiently broad and specific to admit proof of such affection of her mind. Lentz v. City of Dallas, 96 Texas, 258-267; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83; Beasley v. Linehan Transfer Co., 50 S. W., 87-89.

*A. W. Howlin, J. E. Forest, N. G. Turney* and *T. F. Lewis,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action for damages on account of personal injuries sustained by appellee through the negligence of appellant's servants. The petition alleged that appellee was a passenger on one of appellant's street cars; that when said car arrived at the intersection of First Avenue and Ash Lane, public streets in the city of Dallas, it was stopped, among other things, for the purpose of allowing appellee to alight therefrom, but that appellant's servants in charge of said car failed to stop it a reasonably sufficient length of time to enable her to alight in safety; that while she was in the act of alighting from said car it was negligently started and moved forward with a sudden lurch and jerk which caused appellee to be thrown with great force and violence down upon the platform or steps

of said car and upon the cross walk of said streets in such manner as, to catch her foot and drag her some distance, by reason of which she sustained serious and permanent injuries. Defendant answered by general demurrer, special exceptions and general denial. The case was tried before a jury and resulted in a verdict and judgment in favor of appellee for the sum of $3,000, and the appellant appealed.

It is assigned that the trial court erred in permitting Dr. S. Egan to testify that when he was called to treat appellee some eighteen months after the accident he found her to be a mental wreck—that her mind was seriously affected. This testimony was objected to on the ground that there was no sufficient basis in the pleading for such proof. We are of the opinion the court did not err in the admission of the testimony. It was alleged that appellee was seriously and permanently wounded, bruised and injured, both internally and externally in and on her back, spine, legs, hips, head and shoulders, arms and body; that by being dragged and by reason of the bruises, wounds and injuries received as aforesaid, her uterus, ovaries, kidneys and bladder, together with the nerves and muscles by which the same are controlled, were seriously and permanently displaced, injured and affected, and her lungs and abdomen seriously impaired and injured, and her nervous system seriously impaired and shattered. Dr. Egan testified, in substance, that the injury to appellee's nervous system is very great; that from his last examination of her the gravest condition he found is one that relates to the nervous system; that there are two nervous systems in the body, one controls the voluntary acts of the body, the brain and spinal cord and their nerves, and the organic nervous system, which presides over all the organic functions of the body, the circulation, the nutrition and assimilation and the very life of the individual; that he found in appellee's case very serious injury to both of these nervous systems; and that her mind has been seriously affected. He further testified that he found appellee in very broken health: that she was a physical and mental wreck, in a state of extreme prostration and depression, great emaciation, and not only imperfect nutrition but imperfect in all the organic processes of the body; that is, in the circulation of the blood, in the digestion and in the assimilation.

The rule that a general allegation of damages for personal injury will admit evidence of such damages only as naturally and necessarily result from the injury charged, seems to be well established. (Texas & Pac. Ry. v. Curry, 64 Texas, 85; Campbell v. Cook, 86 Texas, 630.) In Texas & Pac. Ry. v. Curry, *supra,* the Supreme Court, after laying down the general rule substantially as above stated, said: "The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts, the adverse party is presumed to know and must take notice of, whether it is specially pleaded or not." So that it is not essential, in order to let in proof thereof, that all the results of the act or injury complained of should be set forth in detail, if such results are necessarily or legally implied from the injuries alleged. (Gulf, C. & S. F. Ry. v. McMannewitz, 70 Texas, 73; Missouri Pac. Ry. v. Mitchell, 72 Texas, 171; Missouri, K. & T. Ry. v. Edling, 18 Texas

Civ. App., 171; International & G. N. Ry. v. Pina, 77 S. W., 978; 13 Cyc., pp. 184-185; Tyson v. Booth, 100 Mass., 258.) It is well understood, we think, that the mind, nervous system and body are so intimately connected that the mind is likely to become affected by a severe nervous shock or physical injury, and hence proof of impairments of these faculties will be received usually under allegations of grievous or permanent bodily injury. (13 Cyc., p. 189; City of Chicago v. McLean, 133 Ill., 148.)

In the present case, in addition to the allegation that appellee's "nervous system was seriously impaired and shattered," it was specifically alleged that she received injury to her head and spine and other parts of the body. In Railway v. McMannewitz, cited above, the petition alleged that the plaintiff "was injured in her spine, chest, head and limbs;" and the allegation was held "sufficiently comprehensive to embrace a heart disease or aneurism of the blood vessels situated in the chest." In Railway v. Mitchell, *supra,* under allegations that the plaintiff's wife had received heavy and serious blows and bruises on both her shoulders, that "her lower limbs were bruised and wrenched and her nervous system shocked and permanently impaired, etc.," testimony to the effect that she had been threatened with miscarriage was admitted over the objection that there was no pleading to authorize its admission, and the court said: "We do not see that the evidence was not properly admitted." These and other decisions cited fully justify and sustain, we think, the conclusion of this court that the allegations in this case were sufficiently broad and comprehensive to authorize the admission of the evidence of which appellant complains. Among the cases of the Supreme Court of this State, Railway v. McMannewitz, *supra,* especially seems to be in point. For if a heart disease can be necessarily or legally implied from the injuries to the spine, chest, head and limbs, we see no reason why the mental condition in which the physician says he found the appellee may not likewise be inferred or implied from her shattered nervous system and the injuries alleged to her head and spine. Such being the natural and necessary result of those injuries, the appellant was bound to take notice of them and the overruling of its special exception to the effect that the allegations of the nature and character of the injuries charged were too general, does not materially affect the question.

Appellant's third assignment complains of the court's action in permitting Dr. R. W. Allen to testify that if the hysterical and neurotic condition with which plaintiff was suffering was not cured "it might result in insanity." The objections urged to the admission of this testimony were: (1) That there was no sufficient basis in the pleading to authorize it; (2) that what is liable to result from an injury is not a proper criterion of damage. In disposing of the first and second assignments of error we decided the first question here raised adversely to appellant's contention, and as to the second objection we think it is not well taken. It is unquestionably well settled in this State that a recovery can only be had for such future apprehended consequences of an injury or existing condition as will reasonably and probably result therefrom, and the jury, in assessing damages there-

for, should be confined by the charge of the court to such probable results. In the introduction of testimony, however, it would be extremely difficult, we apprehend, to confine the witness to the use of the language usually employed by the courts to express the rule upon the subject. In the case of St. Louis S. W. Ry. Co. v. Garber, 51 Texas Civ. App., 70, one of the grounds of objection to the trial court's charge on the measure of damages was that it instructed the jury to take into consideration, in estimating the plaintiff's damages, "such physical pain and mental anguish as he *may* reasonably and probably suffer in the future as a result of his injuries," instead of telling them to take into consideration such physical pain and mental anguish as he *would* suffer; the contention being that what may reasonably and probably happen in the future is purely speculation and admits of the widest conjecture; that what he may suffer in the future includes not only what he will suffer but much more that is contingent and uncertain. In holding that this charge was not materially erroneous, this court said: "It is difficult to perceive any real or substantial difference between the expression *may* reasonably and probably suffer and *will* reasonably and probably suffer," and that we did not believe the jury was misled by the charge as given to the injury of appellant. So, too, in the admission of the testimony of which complaint is here made, we do not believe appellant has sustained any substantial injury. This is especially true in view of the testimony of Dr. Egan, which we have held was properly admitted, to the effect that as a result of her injuries appellee was a mental wreck.

It is not contended that the verdict is without evidence to support it or that it is excessive in amount. If, however, such contention had been made, it could not be sustained. The evidence was abundantly sufficient to establish the material allegations of the petition and the issues seem to have been fairly submitted. The judgment is affirmed.

*Affirmed.*