## DALLAS RAILWAY & TERMINAL CO. v. GARRISON.*

### No. 7476.

Court of Civil Appeals of Texas. Austin.
July 2, 1930.

Rehearing Denied Sept. 10, 1930.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Alex Pope, of Dallas, and Bryan, Maxwell, & Dardnne, of Waco, for appellee.

BAUGH, J.

This appeal is from a judgment for $1,250. for personal injuries to Gerald Garrison, appellee, caused by a collision between an automobile driven by his father, Harry Garrison, and a street car of the appellant, at the intersection of Brandon street and Hampton road in the city of Dallas. At the time of the collision the automobile was traveling north on Hampton road and the street car was traveling west on Brandon street. The automobile collided with the front end of the street car at the west edge of Hampton road, and cuts were inflicted by the shattered glass upon the face of Gerald Garrison, a five year old child, who was riding on the back seat.

The pleadings alleged various acts of negligence of the motorman of the street car and of contributory negligence of the driver of the automobile. The jury found that the motorman was negligently operating the street car at an excessive rate of speed; that he failed to keep a proper lookout at the street crossings; and that such negligence was a proximate cause of appellee's injuries. They found that the driver of the automobile was negligent in the following particulars: In failing to keep a proper lookout for the street car; in the rate of speed at which he was driving; in failing to reduce his speed as he approached the street crossing; and in driving his automobile in excess of 20 miles per hour on the

*Writ of error granted.

streets of Dallas. They found, however, that none of these acts of negligence was the sole proximate cause of the collision.

Appellant's first contention on this appeal is:

■ That the court erred in refusing to submit to the jury at appellant's request the issue of unavoidable accident, on the ground that there was evidence raising that issue. We do not sustain this contention. The general rule is that, even though there be evidence upon which either or both parties might be found guilty of negligence, if the evidence raises the issue of unavoidable accident, it should be submitted. Colorado & S. R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Schmoker v. French (Tex. Civ. App.) 7 S.W.(2d) 177; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W. (2d) 144, 148. Unavoidable accident, however, in the nature of things, precludes the presence of negligence as a proximate cause. And where the evidence conclusively shows negligence on the part of both parties to a collision, and that the cause of same is well known, as was true in this case, no issue of unavoidable accident is raised, and it is not error to refuse to submit it to the jury. The testimony of the motorman and that of the driver of the automobile leads to the inescapable conclusion that both were guilty of negligence, and that such negligence proximately caused the collision. Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; Northern Texas Traction Co. v. Armour (Tex. Civ. App.) 290 S. W. 544; Texas & P. Ry. Co. v. Edwards (Tex. Civ. App.) 21 S.W.(2d) 754.

The next contention of the appellant relates to the submission to the jury over its objection of special issue No. 23, as follows: "What sum of money, if paid now, will reasonably compensate plaintiff, Gerald Garrison for the injuries, if any, sustained by him; for his physical pain and suffering, if any, sustained by him; for his physical pain and suffering, if any, that he has already sustained, or that may hereafter be suffered by the said Gerald Garrison; the shock and injury, if any, having resulted or that may hereafter result to the nervous system of the said Gerald Garrison; and the physical disfigurement, if any; mutilation, if any, resulting to the said Gerald Garrison; and the mental pain and anguish, if any, heretofore suffered, or that may hereafter be suffered by the said Gerald Garrison?"

■■■ The objections to this issue were that it authorized, if it did not instruct, the jury to allow double recovery in compensating the appellee for his injuries, and that there were neither pleadings, nor evidence to sustain such an award. We do not sustain this contention. General damages have been held to include physical injuries; mental pain and suffering resulting therefrom; shock to the nervous system resulting from physical injury, including past, present, and future; and for mutilation or physical disfigurement. All such elements of damage are recoverable, if the evidence shows that they are the reasonable and natural consequences of the physical injuries sustained. 17 C. J. 838, 1075; 8 R. C. L. 523, 524; Street on Personal Injuries, 655–656. Being recoverable as damages generally, it would not be necessary to specially plead them. Texas & P. Ry. Co. v. Curry, 64 Tex. 87; Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170; Rapid Transit Co. v. Allen, 54 Tex. Civ. App. 245, 117 S. W. 486, 487; Texas & N. O. Ry. Co. v. Cammack (Tex. Civ. App.) 280 S. W. 864.

■■ Undoubtedly the charge as given contains a repetition of the elements of damage which the jury were authorized to consider in estimating the amount; but such repetition, unless it misleads the jury, or induces an improper or excessive verdict, is not sufficient grounds for a reversal. San Antonio & A. P. Ry. Co. v. Corley, 87 Tex. 432, 29 S. W. 231; Texas & N. O. Ry. Co. v. Miller (Tex. Civ. App.) 211 S. W. 246; Texas & P. Ry. Co. v. Edwards, supra. Taking the record as a whole, and considering the amount of the award in relation to the nature and extent of the injuries shown by the evidence, we are of the opinion that the jury was not misled, and that error was harmless.

■ Nor do we sustain appellant's contention that there was no evidence upon which the jury could estimate such damages for future pain and suffering. The testimony of the father and mother of the appellee and of his physician showing the nervous condition of the child up to the time of the trial, that pus had exuded periodically from the wounds across his eye and face, awakening at night with screams and fright, that riding either in an automobile in the presence of a street car, or upon a street car in the presence of approaching automobiles, frightened him exceedingly, that the disfigurement of the eye and nose would be accentuated as the child grew, and would require an operation to improve it in later years, were, we think, all elements from which the jury might properly conclude that the appellee would continue to suffer in the future.

■ Nor did the evidence show as a matter of law that the negligence of Harry Garrison, driver of the automobile, was the sole cause of the collision. The crossing in question on the east and south, from which directions the street car and automobile approached each other, was an open crossing, and there was ample evidence to indicate that either could have seen the other approaching 200 feet from the street intersection. There was also evidence that the speed of the street car was excessive; that the motorman did not slow down for the crossing; and the motorman

himself testified that he did not see the automobile with which he collided until his attention was called to it by the screeching of the brakes or the sliding of the tires on the pavement. In other words, there was sufficient evidence that the negligence of the motorman proximately contributed to cause the collision.

The next contention of appellant relates to a question of appellee's counsel: "What was the verdict of the jury in that case," referring to another case previously tried growing out of the same collision. This question was objected to by appellant, was not answered, and appellant immediately moved to discharge the jury and declare a mistrial. Such question was, of course, improper, but the record discloses that counsel for defendant immediately stated in the hearing of the jury that there was no verdict in that case. The record also discloses that a former trial resulting from this collision had been referred to by counsel for both parties, and such trial was already known to the jury. Under such circumstances, therefore, in view of the fact that no answer was made, the objection to the question being immediately sustained, and the statement of counsel that there was no verdict, we think the error was harmless.

Finding no error in the record of sufficient consequence to authorize a reversal, the judgment of the trial court is affirmed.