**CITY OF WACO v. TEAGUE.**

No. 2463.

Court of Civil Appeals of Texas. Waco.

Jan. 14, 1943.

Rehearing Denied Feb. 18, 1943.

522

Geo. W. Morrow, City Atty., and Darden & Burleson, all of Waco, for appellant.

Bryan & Maxwell, of Waco, for appellee.

RICE, Chief Justice.

Based on the answers of the jury to special issues submitted, judgment was rendered in favor of Mrs. Bess Teague, a feme sole, and against the City of Waco for damages by reason of personal injuries which she sustained by falling on a public passageway in said city, and the latter has appealed.

By its first point appellant says that the evidence in this case raised the issue of "new and independent cause," and the trial court, over its objection, erroneously omitted this essential element from its definition of the term proximate cause.

This contention is based upon the testimony of plaintiff, who was the only witness who testified to the facts at the time of the accident. She testified to having stepped into a hole in the passageway, and that this caused her to fall; that she did not know of the presence of the hole; that the passageway looked level, it had trash in it and "little black particles of dirt and everything you couldn't tell there was a hole there."

There is no evidence of how the trash and dirt got into the passageway, or how long it had been there.

It is the law, as contended by appellant, that an act or omission cannot become the proximate cause of an event unless the act or omission produces the event in a natural and continuous sequence; and that an act or omission cannot produce an event in a natural and continuous sequence if a new and independent cause intervenes between the act or omission in question and the event.

It is likewise the rule that if the evidence in a negligence case raises the issue of new and independent cause, the court should incorporate the same in his definition of proximate cause, and should in his charge define "new and independent cause."

But there is the further rule of law that if the evidence does not raise the issue of new and independent cause, it is not necessary for the trial court to incorporate this element in his definition of proximate cause, or, in his charge, to define "new and independent cause."

"New and independent cause" means the act or omission of a separate and independent agency, which destroys

the causal connection between the negligent act or omission of defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809. On the other hand, if an accident arises from two causes, both due to the negligence of different persons, but together the efficient cause, then all the persons whose acts contributed to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other. 30 Tex.Jur., sec. 105, p. 776.

Viewing the record in this cause in its most favorable light to the appellant, we are convinced that the evidence does not raise the issue of new and independent cause.

▉▉ The Charter of the City of Waco gives it exclusive control over its streets and alleys. The scene of the accident was in the business district of the city. The City was charged with the duty of maintaining such passageway so as to render the same reasonably safe for those making use thereof. The jury found that the hole in the passageway had existed for such length of time that appellant, through its officials, in the exercise of ordinary care, should have discovered it prior to the time plaintiff fell; and that, in permitting the hole to remain in the passageway, the appellant was guilty of negligence which was the proximate cause of plaintiff's injuries. The act of negligence of which the appellant stands convicted by the jury's finding was a continuing one. The appellant could and should have reasonably foreseen that on a busy passageway in the business district of the city, trash and dirt might accumulate and obscure the hole, thereby increasing the hazard to pedestrians caused by its presence in the passageway. Certainly, the dirt and trash referred to in Mrs. Teague's testimony did not of and by itself cause her to fall. But for the hole, she would not have fallen. If the presence of the trash and dirt in the passageway was due to the negligence of some third party, such negligence, at most, would only have concurred with that of the appellant in causing appellee to fall. Gonzales v. Galveston, 84 Tex. 3, 19 S.W. 284, 31 Am.St.Rep. 17; O'Conner v. Andrews, 81 Tex. 28, 16 S.W. 628; Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W. 2d 738.

By its second point appellant complains that the trial court submitted to the jury special issues not raised by the pleadings.

Appellee pleaded: (1) That the hole in the passageway was approximately five inches deep and about a foot square; (2) that the hole was partially covered with trash; (3) that the hole had been in the passageway a long time prior to the date appellee was injured; (4) that it was placed there by appellant, and it knew of its condition and failed to cover it up to make it safe for pedestrians to pass over; (5) in the alternative, that the hole had been in the passageway a sufficient length of time that the appellant, in the exercise of ordinary care, should have known thereof; (6) that said acts on the part of appellant constituted negligence, proximately causing appellee's injuries.

The court submitted to the jury the issues: (1) As to whether the hole in the passageway rendered it not reasonably safe for use as a passageway; and (2) whether appellant should have discovered the hole in sufficient time, in the exercise of ordinary care, to have remedied it prior to the occasion on which appellee was injured; (3) whether it was negligence on appellant's part in permitting the hole to be in the passageway; (4) whether such negligence was a proximate cause of appellee's injuries.

Appellant contends that appellee did not plead that appellant failed to remedy the condition created by the hole; or that such failure was negligence or the proximate cause of the accident; or that the passageway was not kept and maintained in a reasonably safe condition for public use. It further contends that the sole allegation of negligence pleaded by appellee was the failure of appellant to cover the hole, and that she should have been confined to that theory in the submission of the cause to the jury.

[8,9] We overrule this contention. In our opinion, appellee's pleadings, when fairly construed in accordance with the true intent of the new rules of procedure under which this case was tried so as to do substantial justice, raise each of the issues submitted by the trial court. It appears to us that the appellee pleaded substantially that the appellant was guilty of negligence in permitting the uncovered hole to remain in the pavement, not that the negligence was

the failure to cover the hole. No special exceptions were levelled at appellee's pleadings pointing out the matters here urged. Rules 45 and 47.

Appellant next contends that the court erred in its submission of special issues 6, 7 and 8, in that the issues as framed placed a greater duty on the appellant than that imposed by law.

Issue 6 inquired whether appellant should have discovered the hole in the passageway in sufficient time, in the exercise of ordinary care, to have remedied the condition prior to appellee's accident; issue 7, whether appellant was guilty of negligence in permitting the hole to be in the passageway; issue 8, whether such negligence was a proximate cause of the accident.

Appellant argues that its only duty was to exercise ordinary care to maintain the passageway in a reasonably safe condition for public use; that it was not an insurer of the safety of persons using the passageway, and was not under the unqualified duty of remedying a defect therein. As an abstract statement of the law, appellant's contentions are correct. However, we are of the opinion that the manner of submission is not subject to the criticism made by appellant. Issue No. 5 inquired as to whether the condition in the passageway had existed a sufficient length of time that appellant, in the exercise of ordinary care, should have discovered it prior to appellee's accident. Both issues 5 and 6 go to the question of notice to appellant of the alleged negligent condition of the passageway. The burden was on appellee to prove both that the hole existed in the passageway and that it had been there a sufficient length of time that appellant, in the exercise of ordinary care, should have discovered it.

By its fourth point appellant urges that the trial court erred in not granting its request for an instructed verdict, because it contends that the undisputed evidence, and the overwhelming weight and preponderance of the evidence, demonstrate that the hole in the passageway was a slight and trivial defect, and was not such a defect as that a person of ordinary prudence, in the exercise of ordinary care, would have repaired it in anticipation of an injury of the kind and character of which appellee complains, and therefore was not a defect for which appellant is legally responsible.

Appellee contends that the question of whether or not the defect in the passageway was trivial was an issue of fact to be submitted to the jury; that the precise issue was submitted and answered favorably to appellee. Appellant does not, in this court, complain of the submission. Whether the issue submitted was properly submitted is not before this court.

We overrule the contention raised by appellant's fourth point. Appellee testified that the hole was about eighteen inches wide and three or four inches deep. Two of appellee's witnesses testified that the hole was between four and five inches deep. Appellant's engineer testified the hole at its deepest place was less than three inches deep. In our opinion, a question of fact was raised for the determination of the jury, and we would not be warranted either in holding that there was no evidence or that the evidence was insufficient to support the findings of the jury; or that the record before us discloses with such certainty that reasonable minds cannot differ that the defect complained of was so trivial that no duty in respect thereto was imposed on appellant.

In its fifth point appellant asserts that the trial court erroneously permitted a doctor who attended appellee to testify that in his opinion there was a possibility of the development of a sarcoma in appellee's knee as the result of her injury, over appellant's objection that such testimony was too remote and speculative and called for an opinion which the witness was not qualified to give.

The testimony of the witness, on proper objection, should have been confined to such future results of appellee's injury as would reasonably and probably result, and he should not have been permitted to testify in respect to possible future results. Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491. However, the record before us, in our opinion, does not disclose reversible error. Part of the answer of the witness was responsive to the question asked and was admissible. That part of the witness' answer to which appellant's complaint is directed was not responsive to the question put to the witness. The latter was asked as to probable future results of appellee's injury; in his answer the witness voluntarily injected a possible future result.

Appellant did not request the court to strike the objectionable part of the answer of the witness, nor did it move the court to instruct the jury not to consider the same. In its cross-examination of the witness appellant interrogated him in reference to the future results of appellee's injury and in reference to the probability of a resultant sarcoma, and developed from the witness that such prospective condition was more in the nature of a possibility rather than a probability. This same witness, prior in point of time to the happening of the matters hereinabove set forth, had testified without objection that there was a possibility of a tumor developing from an injury of the character that appellee suffered. The testimony complained of was only cumulative of similar testimony of the same witness admitted without objection. If appellant did not waive its objection by exploring, in its cross-examination, the field of possible future results, it developed thereby from the witness that there was no reasonable probability of a sarcoma developing. 41 T.J. 925, sec. 155, note 19; St. Louis, S. F. & T. R. Co. v. Kaylor, Tex.Civ.App., 284 S.W. 983, pt. 6; Id., Tex.Com.App., 291 S.W. 816; Land v. Dunn, Tex.Civ.App., 226 S. W. 801, pt. 1.

By its sixth point appellant advances the proposition that although this appellee was entitled to recover from appellant only for such physical and mental pain which the jury might find from a preponderance of the evidence she would, in reasonable probability, undergo in the future, the trial court, in its instruction in connection with the issue on damages, erroneously permitted the jury to assess damages for the physical and mental pain which appellee may undergo in the future, over the objection and exception of appellant that such instruction was remote and speculative and did not confine the jury to reasonably probable future pain.

Special Issue No. 10 in the court's charge inquired of the jury the amount of damage, expressed in money, suffered by appellee, and in connection therewith the court instructed the jury as follows:

"In connection with Special Issue No. 10, you may take into consideration only the following, to-wit:

"The present reasonable cash value, if any, of the physical and mental pain, if any, that you may believe from a preponderance of the evidence, if any, the plaintiff has undergone in the past or may undergo in the future as a direct and proximate result of the injuries, if any, sustained as a direct and proximate result of the negligence, if any, of the defendant."

Appellant objected to said special issue and the instructions given in connection therewith as follows: "Defendant objects and excepts to Special Issue No. 10 and the instruction in connection with said issue is remote and speculative in that it allows the jury to assess damages for physical and mental pain which plaintiff may undergo in the future and allows the jury to speculate as to what she may or may not suffer in the future and does not confine the jury to that physical and mental pain that the plaintiff will in reasonable probability undergo in the future."

The trial court overruled appellant's objection, to which appellant excepted.

■ The rule is that appellant, being liable for the infliction of the injury on appellee, would be liable for all the consequences flowing from that injury, including such as a jury might find, from the evidence, would with reasonable probability occur at some future time, but it would not be liable for results which may possibly occur in the future. Galveston, H. & S. A. R. Co. v. Powers, Sup., supra; Lentz v. Dallas, 96 Tex. 258, 72 S.W. 59; Gulf C. & S. F. R. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556; City of Amarillo v. Rust, Tex.Civ.App., 45 S.W.2d 285; Rapid Transit Co. v. Allen, 54 Tex.Civ.App. 245, 117 S.W. 486.

In the case of Lentz v. Dallas, supra, the Supreme Court held, in a personal injury case, that it was the duty of the trial court in its charge to instruct the jury that plaintiff's recovery for future results of the injury was restricted to such as would reasonably and probably result. To the same effect is Rapid Transit Co. v. Allen, supra.

In the case of Galveston, H. & S. A. R. Co. v. Powers, supra [101 Tex. 161, 105 S.W. 493], Judge Brown, speaking for the Supreme Court, said: "Neither expert witnesses nor the jurors may be turned loose in the domain of conjecture as to what may by possibility ensue from a given statement of facts. The witness must be confined to those which are reasonably probable, and the verdict must be based upon evidence that shows with reasonable probability that the injury will produce a given effect."

In our opinion, the trial court committed reversible error in overruling appellant's objections to the charge as hereinabove set forth. The instructions of the court did not limit the jury, in arriving at the amount of appellee's damages, to consideration of the physical and mental pain which they might find, from the evidence, would with reasonable probability occur. In view of the testimony of appellee's medical expert that there was more of a possibility than a probability that appellee's injury might result in a malignant tumor, we are unable to say that the jury, under the instructions given by the court, did not consider such possibility in arriving at the amount of damages awarded to plaintiff.

On January 6, 1941, and within thirty days after she sustained her injury, appellant filed with the proper officer of appellant her claim for damages in the sum of $1,000, together with doctor's and medical bills, the amount of which was then undetermined.

On March 13, 1941, appellee filed with said officer of appellant her supplemental claim for damages, wherein she stated that since filing her original claim her injuries had grown more serious than at first anticipated, and advised that she was then claiming damages in the sum of $3,000, "this being the extent of the injury as it now appears, reserving the right, however, in the event the injury should subsequently show more extensive than now anticipated, to claim and file suit for such amount as shall ultimately develop."

Plaintiff sued for damages in the sum of $7,500, together with expenses incurred for medicine, doctors, etc., and expressly pleaded filing with appellant the two claims or notices of injury above mentioned. In her pleading she alleged facts showing the impossibility of discovering and stating the amount of her damages in either her first or supplemental claims or earlier than a few days prior to the filing of such pleading.

Appellant contends that by virtue of its charter provisions, the City of Waco is not liable or responsible on account of a claim for damages to any person, unless the person claiming the damage shall, within thirty days after the infliction of the damage, file with the City Secretary a true statement under oath, containing, among other things, a detailed statement of each item of damages claimed, and the amount thereof.

It is appellant's contention that since appellee filed only one written claim with appellant within thirty days after the accident complained of, wherein she stated her damages to be the sum of $1,000 plus medical expense, it is not liable to appellee for any amount in excess of said sum of $1,000 and medical expenses, and the judgment of the trial court above such sum is excessive.

It takes the further position that if it be wrong in its first contention, appellee, in her supplemental claim filed after the expiration of thirty days, alleged she was damaged in the sum of $3,000, and did not thereafter file any other claim with appellant, hence she is restricted to a recovery of $3,000, and a judgment for any additional sum is excessive by that amount.

The exact question before us, we believe, has never been decided by the courts of Texas, and is therefore one of first impression in this state.

Article 3 of the Charter of Waco, relied on by appellant, and in force at and subsequent to the date of appellee's accident, reads as follows: "The City of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the City Secretary, a true statement under oath, as to the nature and character of such damages or injuries, the extent of the same, and place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof, and if it be for personal injuries, giving a list of the witnesses, if any known to affiants, who witnessed such accident, and unless further, that suit be filed thereon within six months from the date such injuries were received."

We overrule this assignment. It is undisputed that appellee filed her original claim within the time prescribed by the charter provisions above quoted. The undisputed evidence further shows, we think, that the extent of appellee's injuries and damages could not have been ascertained within the brief period prescribed by the charter amendment; that it necessarily required a longer period of time for her doctors to treat and observe her in order that the extent of her injuries and con-

528

sequent damages might be determined. There is nothing in the record before us to indicate that appellee was derelict in discharging her legal duty to ascertain and report to appellant the nature and extent of her injuries and the damages she suffered because thereof.

To apply appellant's charter provisions and limitations to the facts of this case in the literal manner contended for by appellant would be unreasonable, and might result in depriving appellee of substantial rights through no fault of hers. The law does not require the unreasonable or the impossible. Noble v. City of Portsmouth, 67 N.H. 183, 30 A. 419; Smith v. City of Tacoma, 163 Wash. 626, 1 P.2d 870, 75 A.L.R. 1508; Terryll v. Faribault, 84 Minn. 341, 87 N.W. 917; Sweet v. Salt Lake City, 43 Utah 306, 134 P. 1167; Berger v. Salt Lake City, 56 Utah 403, 191 P. 233, 13 A.L.R. 5.

In view of the disposition made of this cause, it becomes unnecessary to discuss the other questions raised by appellant.

Because of the error above set forth, the judgment of the district court is reversed, and this cause is remanded.