GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
JAMES POWERS.

No. 1745.   Decided December 4, 1907.

**1.—Assignment of Error—Hypothetical Question.**

Where a question to a medical expert invokes his opinion on a hypothesis stated in previous questions and assumed but not repeated in the one asked, the assignment of error in permitting it to be answered properly embraced, in its statement of the question objected to, the hypothesis involved in the previous question.   It was error to refuse to consider such assignment because based on admitting answer to a question which was not in fact asked.   (Pp. 163, 164.)

**2.—Objection to Evidence—Question—Answer.**

An objection to a question as calling for evidence which was irrelevant and speculative is an objection to the evidence sought to be elicited; the Appellate Court, could not refuse to consider error assigned on its admission because the objection was addressed to the question and not to the answer of the witness. (P. 164.)

**3.—Damages—Personal Injury—Future Consequences.**

It is proper to consider, and to show by evidence, in determining the damage from injury to the person, such results as will, in reasonable probability, occur therefrom in the future, but not such as are merely possible. (P. 164.)

**4.—Same—Expert Evidence.**

A medical expert can not be asked his opinion as to whether it was possible for epilepsy to result in the future from a given case of personal injury. Neither witnesses nor jurors should be thus turned loose into the domain of conjecture.   (Pp. 164, 165.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Powers sued the railway company and recovered judgment. Defendant appealed, and obtained writ of error on the judgment being affirmed.

*Baker, Botts, Parker & Garwood, Newton & Ward,* and *W. B. Teagarden,* for plaintiff in error.—It was not only proper to incorporate in the assignment of error these matters referred to and made a part of the question and a part of the objections urged, and a part of the subject-matter passed upon by the witness, the court and counsel, but it was absolutely necessary to an intelligent understanding of the issues, and the assignment of error would have been incomplete and meaningless without such interpolations.

The testimony offered by this question and the answer was entirely too remote and speculative, and unjustly and unlawfully extended the inquiry, by the jury, into the realms of conjectural future possibilities, whereas the law confines the inquiry to such results as are reasonably probable.   It was, therefore, error to admit this testimony, even though epilepsy could be said to be fairly embraced within the allegations of the petition.   Lentz v. City of Dallas, 96 Texas, 258; Missouri Pac. Ry. Co. v. Mitchell, 75 Texas, 80; Missouri, K. & T. Ry. Co. v. Cook, 8 Texas, Civ. App., 384; Campbell v. Cook, 86

Texas, 632; People v. Morrigan, 29 Mich., 5; Schaidler v. Chicago & N. W. Ry. Co., 15 Am. and Eng. Ry. Cases, (N. S.) 105; Chicago G. W. Ry. Co. v. Bailey, 59 Pac. Rep., 659; Gregory v. New York, L. E. & W. Ry. Co., 55 Hun, 303; Jewell v. Ry. Co., 16 Phil. (Pa.), 64; Caples v. Central Pac. Ry. Co., 6 Nev., 265; Atlanta & W. P. Ry. Co. v. Johnson, 66 Ga., 259; Fry v. Dubuque & S. W. Co., 45 Iowa, 416; Morrison v. Northern Pac. Ry., 33 Am. & Eng. Ry. Cases (N. S.), 233; Ohio & M. Ry. v. Crosby, 27 Am. & Eng. Ry. Cases, 339; Morrison v. North. Pac. Ry., 33 Am. & Eng. Ry. Cas. (N S.), 233; White v. Milwaukee Ry., 18 Am. & Eng. Ry. Cas., 213; Strohm v. New York, Lake Erie, etc., Ry., 96 N. Y., 305; Ohio & Miss. Ry. v. Crosby, 27 A. & E. Ry. Cas., 339. Improper admission of testimony on a material point is error, for which the judgment will be reversed, unless it affirmatively appears from the record that it did not influence the result. Halsey v. Bell (Tex. Civ. App.), 62 S. W., 1089; Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 349; Texas & Pac. Ry. Co. v. Harrington, 62 Texas, 597.

Our objection, as stated in the record, that the testimony was immaterial and irrelevant, was well taken, because it was manifestly immaterial for any purpose, and it comes clearly within the rule which obviates the necessity of particular and specific objections, because the law would not allow its consideration as a basis of measuring or decreeing damages, in any event. Topeka v. Sherwood, 39 Kans., 690; Pennsylvania Co. v. Smith, 98 Ind., 42. When evidence, as was the case here, is either clearly inadmissible for any purpose, or is obviously objectionable for one or more reasons, a general objection will suffice. Espalla v. Richard, 94 Ala., 159; Richards v. Bestor, 90 Ala., 352; Brumley v. Flint, 87 Cal., 471; Davis v. Hamilton, 53 Ill. App., 94; Greenleaf v. Dubuque & S. C. Ry., 30 Iowa, 301; Nutwell v. Tongue, 22 Md., 419; Wood v. American Life Ins. Co., 7 How. (Miss.), 609; State v. Patrick, 107 Mo., 147; Alcorn v. Chicago & A. Ry., 108 Mo., 81; Connor v. Black, 119 Mo., 126; Grout v. Cottrell, 143 N. Y., 677; Tozer v. New York Cent. & H. R. Ry. Co., 105 N. Y., 659.

*James Routledge* and *J. R. Norton,* for defendant in error.—The assignment of error should not be considered by the court, because it is not specific, is multifarious, and contains within itself half a dozen different objections to two separate and distinct questions and answers; and it is impossible to discover therefrom what is the particular objection which the appellant seeks to make and to which answer the objection is addressed. In addition the assignment of error and the statement in it did not fairly and justly state the facts as they are shown by the record. The first question was never answered by the witness.

The doctor testified, that injury to the head was one of the causes of epilepsy, and that epilepsy might develop any time from such a blow. This showed that epilepsy was a natural and probable result from an injury to the head and nervous system; and that therefore the testimony was properly admitted. This proposition has been decided in the following cases in which it has been held that testi-

mony of similar character is admissible to show the probable results of such injuries to the head and other parts of the body. Missouri, K. & T. Ry. Co. v. Hawk, 30 Texas Civ. App., 146-7; Missouri, K. & T. Ry. Co. v. Johnson, 49 S. W. Rep., 266-7; Tyler S. E. Ry. Co. v. Wheeler, 41 S. W., 518-19.

Mr. Justice Brown delivered the opinion of the court.

James Powers was in the employ of the plaintiff in error working with a gang of men on a new bridge over the Brazos river. He with other men were ordered by the foreman of the gang to go upon the floor of the bridge, which was suspended upon false works of considerable height. The false works were constructed of heavy timbers and were about forty to fifty feet above the water. The Court of Civil Appeals finds that the foreman negligently ordered two of the bents of the false works to be thrown against the other bents and thus to knock the whole down into the water, whereby Powers was thrown into the water and received injuries about his head and otherwise. No question is presented to us depending upon the fact of negligence on the part of the railway company, therefore we will not enter into a detailed statement of the facts of the case.

In the course of the trial Dr. Berry was on the stand as a witness for the plaintiff, Powers, and counsel for him related to Dr. Berry a state of facts as the basis of testimony sought to be elicited from him as an expert. A number of questions were propounded and objected to, and they were put in different forms thereafter without repeating the hypothetical case but by referring to it as that which had been already stated. Counsel for the plaintiff propounded to Dr. Berry this question: "Doctor, taking into consideration the fall which I have described, that the plaintiff received, the condition of the wound upon his head that he received from the fall, and taking into consideration that he was delirious at intervals of twenty-four to thirty-six hours after receiving the fall, I will ask you in your opinion whether or not it is possible that years from now as a result of that injury a man can become epileptic." Defendant's counsel objected to this question because the testimony sought to be elicited was immaterial, irrelevant and speculative in its character, and that there had been no evidence or symptoms of epilepsy introduced, which objections were overruled. The railroad company by its attorney assigned error in the Court of Civil Appeals as follows: "The court erred in permitting plaintiff's counsel to propound to his witness, Dr. Berry, the following question: 'Doctor, taking into consideration the fall which I have described, that the plaintiff received" (that is, being thrown from the top of an object, which the testimony shows ranges from forty to fifty feet in height), and striking upon some other body, and then falling into the water, and when he was taken from the water it was discovered that he had this blow on the back of the head, and from twenty-four to thirty-six hours afterwards he was delirious at times, in a semi-conscious condition (stenographer's record, page 210), the condition of the wound upon his head that he received in the fall, taking into consideration that he was delirious at intervals from twenty-four to

thirty-six hours after receiving the fall, I will ask you whether or not it is possible that years from now, as a result of that injujry, that man could become an epileptic?'" The Court of Civil Appeals refused to consider this assignment of error because it was made up of several questions, and that there was no question asked in the form in which it was presented in the assignment, also that the answer to the question was not objected to.

The Court of Civil Appeals erred in not considering the assignment of error copied above. The hypothetical case was stated to the witness before the examination was begun as a basis upon which his opinion was sought, and the subsequent examination of him was based upon the facts thus stated without repeating them with each question. They constituted a part of the question when referred to by the questioner as a basis for the answer that he sought. Referring to the stenographer's report we find that this course was pursued in the examination of Dr. Berry as well as other expert witnesses, in fact, it is the common and only practical method of making such examinations where the matter is presented to the witness in different forms by a number of questions. In making the assignment counsel for the railroad company copied the question as recorded in the stenographer's report and inserted at the place where necessarily understood, the facts upon which the testimony was based. This was the only manner in which it could have been intelligibly presented to the Court of Civil Appeals or to this court.

When counsel objected to the witness answering the question it was practically objecting to the answer, because the purpose of the objection was to exclude the answer and not the question. If the question was improper it was because it called for testimony which would not be admissible when stated, and, the question being improper, a responsive answer could not be admissible. It was not necessary to object to the answer.

The trial court erred in permitting the question to be propounded to Dr. Berry in the form which called upon him to testify as to the possibility of epilepsy resulting from the injury. The railroad company being liable for the infliction of the injury on the party, would be liable for all the consequences flowing from that injury including such as a jury might say from the evidence presented to them would with reasonable probability occur at some future time, but the company is not liable for results which may possibly occur in the future. Lentz v. Dallas, 96 Texas, 258; Gulf C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83; Strohm v. New York L. E., etc., Ry. Co., 96 N. Y., 306; Gregory v. New York L. E. & W. Ry. Co., 55 Hun, 307; Fry v. Dubuque & S. W. Ry. Co., 45 Iowa, 416.

In Gulf, C. & S. F. Ry. Co. v. Harriett, the court said: "We think the evidence should show that there is a reasonable probability of the occurrence of future ill effects of the injury, and that it need show no more in order to justify the jury in considering future consequences in estimating the damages."

Neither expert witnesses nor the jurors may be turned loose in the domain of conjecture as to what may by possibility ensue from a given statement of facts. The witness must be confined to those which are

reasonably probable and the verdict must be based upon evidence that shows with reasonable probability that the injury will produce a given effect.

The plaintiff in error presented a number of questions on the same line with this, which we do not deem it necessary to discuss, and other assignments are presented upon questions which will not probably arise on another trial and we do not think it necessary to decide them now. For the error above stated it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and this cause remanded.

*Reversed and remanded.*