## ST. LOUIS SOUTHWESTERN RY. CO. v. MOORE.

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1913.)

1. DAMAGES (§ 166*)—PERSONAL INJURIES—ADMISSION OF EVIDENCE.

Where plaintiff's bruises received from personal injuries were slight and he was apparently entirely well at trial, evidence as to whether a very slight bruise had not sometimes caused a cancerous wound resulting in death, and as to whether witness did not know of a school teach-

er who died from a pin scratch, was not admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 478, 479, 481; Dec. Dig. § 166.*]

2. CARRIERS (§ 321*)—PASSENGERS—INJURIES—INSTRUCTIONS.

A special charge that common carriers are held to the highest degree of care in operation for the protection of passengers was correct so far as it went.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—SUPPORT IN EVIDENCE.

An instruction, in an action for injuries by the falling of a coach panel, that if there was nothing about the panel which indicated that it was defective, and inspection would not have disclosed that it was likely to become loose or fall, the railroad company would not be liable, was properly refused in the absence of any evidence that an experienced man ever inspected the car.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. CARRIERS (§ 290*)—PASSENGERS — INSPECTION OF CAR.

A carrier of passengers must furnish a reasonably safe car and exercise the highest degree of care to ascertain and repair defects in the car, as by furnishing an experienced inspector, etc.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1168, 1169, 1177, 1178, 1180, 1182–1184; Dec. Dig. § 290.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by R. T. Moore against the St. Louis Southwestern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

D. Upthegrove, of Dallas, for appellant. Chas. F. Clint, of Dallas, for appellee.

RAINEY, C. J. This suit was instituted by appellee against appellant to recover damages for personal injuries alleged to have been received on February 12, 1911, while a passenger on one of appellant's trains, on account of the panel coming loose between two windows in the coach in which appellee was riding, falling against him, and injuring his head, hand, and foot. The trial resulted in a verdict for plaintiff for $175, from which appellant in due time perfected its appeal to this court.

### Reasons for Reversal.

[1] The court erred in permitting the plaintiff's counsel to ask the witness Dr. Blackburn certain questions and allowing his answers thereto, as shown by the following bill of exception: "Be it remembered that, on the trial of this cause, Dr. Blackburn, a witness for defendant, on redirect examination, was asked the following question: 'Do you not know that a very slight wound or bruise has sometimes caused a cancerous wound, and that such wound sometimes results in death?' To which question the defendant then and there objected because there was no

allegation in the plaintiff's petition to warrant the introduction of such evidence, and, second, because it was immaterial and irrelevant, which objection was by the court overruled, and the witness answered that such wound sometimes produces serious results and also death. And the same witness, being further interrogated by counsel for plaintiff, was asked if he did not know of a school teacher, a citizen of Dallas county at the time, that got a pin scratch, a very slight wound, and that it resulted in death. To which question the same objection was made by the defendant as to the first above recited, and, the objection being overruled, the witness answered that he knew of a pin scratch, which was a very slight wound, resulting in death to the teacher, whose name was mentioned in the interrogatory."

The bruises received by appellee were slight. At the time of the trial he was entirely well, and no possible danger of cancer was apparent or probable. The testimony complained of was speculative as to what might have happened. The company was liable, if at all, only for the consequences that resulted from the injury, and what happened to some other person in time past was calculated to prejudice the minds of the jurors, and it was improper to have admitted it. Railway Co. v. Powers, 101 Tex. 161, 105 S. W. 491.

[2] The court instructed the jury that the defendant was at the time in question a common carrier, and that common carriers are held to the highest degree of care in the operation of a passenger train for the protection and safety of its passengers. Appellant objects to this charge and complains of the court's refusal to give a special charge as follows: "The degree of care required of a railway company toward its passengers is that high degree of care that very cautious persons generally are accustomed to use in their line of business under similar circumstances. Therefore, if the jury believe from the evidence that there was nothing about the panel that fell that indicated it was defective, and that inspection would not disclose that it was in any way loose or likely to become so, or to fall, then the defendant would not be liable."

The charge of the court was not error so far as it went, as the degree of care to be used in the carriage of passengers is the highest; but, when the defendant has asked a charge conveying to the jury a definite standard for the conduct of prudent and skillful carriers in like situations, it should be given if said special charge is otherwise correct. Railway Co. v. Keeling, 102 Tex. 521, 120 S. W. 847.

[3] The special charge asked was incorrect in the latter clause thereof, where it tells the jury, in effect, that if there was nothing in the panel that would indicate by inspection that it would fall, etc., to find for the defendant. We think this was error. There was no evidence that an inspection of the car was ever made by an experienced car man, which we think was the duty of appellant to have made.

[4] A carrier of passengers is under obligations to furnish a reasonably safe car in which to ride, and it will not be relieved of the consequences of a panel falling unless it has shown the highest degree of care of ascertaining defects in its car and repairing the same. Until this care is shown on the part of the carrier, the presumption will arise that it has not done its duty, and the doctrine of unforeseen accident has no application.

The motion of the appellee to strike out appellant's brief, because it does not conform to the rules, in that it does not direct the court's attention to the pages of the transcript embodying its assignments of error, or the motion for new trial, etc., is overruled.

The brief is not defective to the extent that we feel justified in not considering the assignments; but we have done so, and, for the error suggested, the judgment is reversed, and the cause remanded.

Reversed and remanded.