## EL PASO ELECTRIC RY. CO. v. JENNINGS. (No. 1126.)

(Court of Civil Appeals of Texas. El Paso. Oct. 21, 1920. Rehearing Denied Nov. 11, 1920.)

1. **Appeal and error ⬳1040(16)—Overruling demurrer to allegations held cured by charge to disregard.**

The refusal of the court to sustain a demurrer to allegations for the recovery of exemplary damages, which were insufficient as a basis for such recovery, and permitting those allegations to be read to the jury, was cured by an express charge of the court not to consider the question of exemplary damages.

2. **Trial ⬳194(20), 240—Charge on damages held not argumentative or on weight of the evidence.**

A charge that, if the injuries were inflicted in such manner as to render defendant liable and if plaintiff in time of injury was suffering from disease, defendant would be liable for any aggravation of the disease, but not liable for its natural progress, was not objectionable as argumentative or on the weight of the evidence.

3. **Evidence ⬳554 — Testimony of physician that disease could have been aggravated by injury is competent.**

In an action for personal injuries, an answer by a physician to a hypothetical question assuming plaintiff had certain diseases, that the injury could have been aggravated or brought about the diseased condition, is not objectionable as relating to possibilities not probabilities or as speculative.

4. **Appeal and error ⬳1047(3)—Instruction to disregard testimony cures refusal to strike it.**

On assignment of error to the refusal to strike a statement of a witness does not require reversal, where the court instructed the jury not to consider that testimony.

5. **Evidence ⬳501(2)—Nonexpert can state plaintiff was sick after detailing facts.**

In an action for personal injuries, a sister of plaintiff can state that plaintiff had been sick since she came from the hospital, where the witness had lived with plaintiff and detailed the facts upon which the opinion was based.

6. **Appeal and error ⬳1004(1)—Verdict for personal injuries supported by evidence cannot be set aside as excessive.**

In an action for personal injuries, a verdict cannot be set aside by the appellate court as excessive where the jury had before it facts which would support such a finding.

Error from District Court, El Paso County; P. R. Price, Judge.

Action by Lily Jennings against the El Paso Electric Railway Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

Davis, Goggin & Loftus, of El Paso, for plaintiff in error.

Chas. H. Veale, M. W. Stanton, and Lea, McGrady, Thomason & Edwards, all of El Paso, for defendant in error.

HARPER, C. J. This suit was instituted in the Forty-First district court, El Paso county, by Lily Jennings, the defendant in error, against El Paso Electric Railway Company, plaintiff in error, to recover damages for personal injuries alleged to have been sustained by her on or about the 21st day of March, 1919, in the city of El Paso, Tex., while a passenger on one of the defendant's street cars.

Mrs. Jennings alleged that one of the company's cars came into collision with the rear end of the street car upon which she was a passenger, and she was thereby thrown to the floor of the car, with great violence, and received serious and permanent, personal injuries. She alleged she received a severe nervous shock; that the nerves and tissues of her body, limbs, back, and spinal cord were injured; that she had suffered great mental and physical pain; that her "heart, lungs, and uterus and other internal organs became involved, causing a chronic affection of the blood and tissues of the body, nephritis, tachycardia, and prolapse of the uterus with abnormal heart action." The defendant answered by a general denial.

The trial resulted in a verdict and judgment for the plaintiff in the sum of $5,800. A motion for a new trial was made in due time and overruled, the action of the court in overruling the motion was duly excepted to, and thereafter, within the time required by law, this cause was regularly brought to this court by writ of error.

The plaintiff attempted to set up facts upon which to base a claim for exemplary damages, and the first assignment charges error in the refusal of the court to sustain a demurrer to that paragraph and in permitting appellee to read it to the jury.

[1] The allegations were not sufficient to be the basis of recovery for exemplary damages, but the court in its charge expressly charged the jury not to consider the question of exemplary damages and confined them to actual damages. This we think sufficient to avoid any error in overruling the exception.

[2] The court's general charge contains the following:

"Further, that if the injuries are inflicted in such manner as that the party inflicting same is liable in damages to the person suffering same, and that the party injured is, at the time of the injury, suffering from a diseased condition of any sort, that the party inflicting the injury would be liable for any aggravation of the diseased condition, but such party would not be liable for the natural progress, if any, of the disease unaggravated by any act on his part."

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error is assigned to this charge upon the grounds that it is argumentative and on the weight of the evidence. It is apparent that neither ground is well taken.

[3] The third objects to the testimony of a physician to the effect: "It would be possible for the plaintiff to recover from an operation for removal of stones from the kidneys, and the injuries to her back alleged to have been received by reason of the accident could have been aggravated or brought about the diseased condition in which her kidneys were shown to have been after the accident"—upon the ground that the answer related, not to probabilities, but to possibilities, and was speculative and referred to condition too remote. The rule invoked applies to assessment of damages for apprehended future consequences of a present injury. Railway Co. v. Harriett, 80 Tex. 82, 15 S. W. 556; Railway Co. v. Powers, 101 Tex. 161, 105 S. W. 491; Railway Co. v. Fox, 166 S. W. 694.

But in this instance we find that the physician was giving his opinion of the immediate effect of an injury such as the one described by the plaintiff, upon her condition at the time of the accident.

He testified:

"Assuming that a woman was walking down the aisle of a street car toward the front end and the car was struck in the rear and knocked from the point where it would ordinarily stop down to the next street, that she was thrown on her back, and it developed that she had a bruise on the small of her back, that she then became ill and was taken to the hospital; that prior to that time she had been attending to her work in a rooming house, etc.; that she had had an operation for removal of stone from kidneys, and also another operation; that the injury to the back such as described could aggravate that condition."

And again, he said such an injury would either cause or aggravate an already existing condition. And other physicians testified to the same effect.

[4] The assignment which seeks a reversal for the refusal to strike out the following statement of the same physician, to wit, "I think it did aggravate the goiter; I would not say that it did, I feel that it could have. It did not cause it," is overruled for the same reason. Besides, the court instructed the jury not to consider this testimony.

[5] The fifth assigns error in the admission of the following statement by witness: "She has been sick, she has never been well since she came out of the hospital"—over the objections of defendant upon the following grounds:

"That while the witness could testify to things she actually observed, she could not put herself in the place of a physician and draw conclusions of the character of those drawn in the answer as she had not qualified as an expert."

This was the opinion of a sister to the appellee who lived with her, waited on her, etc., and who detailed at length the facts upon which the opinion expressed was based. It was therefore not error to permit the witness to express the opinion. M., K. & T. Ry. Co. v. Gilcrease, 187 S. W. 714.

[6] The sixth is that the verdict is excessive. The jury having had facts before it which supports the finding, we do not feel that it is within our province to disturb it.

Affirmed.