## FOREHAND v. INTERNATIONAL & G. N. R. CO.

### No. 7883.

Court of Civil Appeals of Texas. Austin.
May 10, 1933.

Rehearing Denied June 7, 1933.

James R. Boyd and Harris & Harris, all of Austin, for appellant.

McCLENDON, Chief Justice.

Forehand sued the railroad company for damage to an automobile which was struck by one of the latter's trains at a public crossing. An insurance company intervened, setting up a lien upon the automobile. The jury found in answer to a special issue that "collision in question constituted an unavoidable accident"; and upon this finding the judgment was for the railroad company. The insurance company recovered against Forehand for its debt and foreclosure of its lien. Forehand has appealed; but since no attack is made upon the insurance company's recovery, that phase of the case will not be adverted to.

The appeal is ruled by the following holding in Pratley v. Sherwin-Williams Co. (Tex. Com. App.) 36 S.W.(2d) 195, 197: "When parties fail to agree on a statement of facts, and the appellant, within the time prescribed by law, presents his statement to the trial judge, and requests him to prepare and file a statement of facts, it is the statutory duty of the judge to do so, and on his failure to prepare and file such statement appellant is entitled to a reversal and the granting of a new trial."

In view of another trial we deem it proper to express our views upon some of the other questions urged by appellant.

Complaint is made of the introduction of a blue book showing the loan value of used cars. We do not find any bill of exceptions in the record raising this point. This character of evidence was condemned in Puckett v. Patton (Tex. Civ. App.) 16 S.W.(2d) 856.

The definition of unavoidable accident is inartfully drawn, but on the whole seems to meet the tests laid down in Fort Worth & R. G. Ry. Co. v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246 (error dis.). However, we suggest the formula approved in Stedman Fruit Co. v. Smith (Tex. Civ. App.) 28 S.W.(2d) 622, 627, which to us appears simple, direct, accurate, and to meet the objections urged by appellant. It reads: "An unavoidable accident exists where the injuries or damages are not proximately caused by any negligence of commission or omission on the part of either party."

The special issue submitting unavoidable accident is not subject to the criticism that it is a general charge.

The trial court's judgment in favor of the railroad company is reversed and the cause in that regard is remanded to the trial court. The judgment in favor of the insurance company is undisturbed.

Reversed and remanded in part and in part undisturbed.