**EL PASO ELECTRIC CO. v. BECKMAN.**
No. 3280.

Court of Civil Appeals of Texas. El Paso.
Nov. 27, 1935.

Rehearing Denied Jan. 2, 1936.

Brown & Brooke, of El Paso, for appellant.

W. H. Fryer and Coyne Milstead, both of El Paso, for appellee.

WALTHALL, Justice.

This is a personal injury case. Appellee, Jake Beckman, brought this suit against the El Paso Electric Company to recover damages for personal injuries which he alleges he sustained on or about October 11, 1934, in a collision between a street car operated by the defendant company, at the intersection of Cotton avenue and Myrtle avenue, in the city of El Paso, and a huckster's wagon under his control and in which he was riding on the rear end thereof at the time of the collision.

Cotton avenue runs generally in a northerly and southerly direction in the city of El Paso and is intersected by Myrtle avenue which runs in an easterly and westerly direction.

At the time of the collision, the wagon on which Beckman was riding was going southerly on Cotton avenue approaching the street car tracks which come from the south on Cotton avenue and turn to the right or easterly onto Myrtle avenue. The wagon on which Beckman was riding was being driven by a man in Beckman's employ and was struck by a street car at this intersection.

Of the negligent acts assigned by Beckman, and submitted by the court to the jury on special issues, the jury found that the operator of the street car failed to keep a reasonable lookout for other vehicles passing or about to pass through the intersection of the said streets, and that such failure was negligence and a proximate cause of plaintiff's injuries. Some other findings of the jury we will discuss under propositions referring thereto.

The jury assessed plaintiff's damages at $1,000 on account of his injuries received and the court entered judgment in his favor for said sum.

The electric company prosecutes this appeal.

Opinion.

On the trial Dr. George Brunner testified as a witness for the plaintiff, appellee here. He attended appellee as a physician about two days after he was injured; at that time he visited appellee some five or six times. Witness stated that at that time Jake Beckman was suffering from abrasions on his left leg below the knee, and one abrasion on his right leg below the knee, a contusion on his head towards the top of the head.

A few days before the trial witness examined appellee again, and testified that at that time appellee was complaining of pain in his head, pain in his back in the sacra region, the lower part of the back, and pain in his legs; testified as to probable permanency of the injuries.

On cross-examination witness stated the nature of appellee's injury to his head to be a bump, a contusion "just a swollen place on his scalp," not particularly very bad, nothing to indicate permanency to that, no fracture, the lump disappeared in a few days, no laceration; witness thought there was no fracture, while appellee still complained of pain; witness, and aside from his complaining, did not see any signs of any permanency about any of appellee's injuries, to his head or body in any nature whatever.

We have stated the above testimony of the witness for the purpose of the proposition now to be stated. On redirect examination Dr. Brunner was asked the following question by counsel for appellee:

"You have observed in your practice, Doctor, that sometimes where a head injury is received, no immediate objective symptoms are apparent and then sometimes months or years afterwards the trouble recurs and turns up and be traceable to the trauma received?"

Counsel for appellant timely objected as not being the proper method of examination, it being an improper illustration, the selection of an individual case not shown to be the same character of bump or injury, and is improper, immaterial, and irrelevant. The objection was overruled, and the witness answered, "Yes, I have."

The examination then proceeded and counsel for appellee asked the witness:

"Question: That is to say, where an injury is received, which in your opinion, as it is in this case, could have caused concussion, that there is an after effect from it, is there not?"

The same objection was made and overruled. The witness answered: "Sometimes, yes."

Appellee testified that after he was struck by the street car that he had a big bump on his head; still had the headache; his head was bruised all over, he still had to use medicine three times a day for the headache; had the headache all the time.

Drs. Pickett and Blanchard each were witness for appellant. As to appellee's head injury, Dr. Pickett testified that he saw appellee at Hotel Dieu the day he was injured; found some slight bruise on his head, just a swelling, no laceration or cutting, just a slight bump and not of such a nature as to indicate he had received a severe blow. The scalp was not cut, no symptom other than a swelling.

Dr. Blanchard testified: Examined appellee the night of the accident; had a bump on his head, evidence of a blow on the head of only a moderate degree of severity; no blood, merely an irritated area, no laceration on the scalp and needed no treatment; said that usually within twenty-four or thirty-six hours head injuries of any severity at all will show very definite evidence and that it would not be possible for a person to receive a blow of sufficient force to raise a knot on his head and the effect of it to be postponed for as much as a month; that he never heard of a blow on the skull producing a thickening on the inside and a pressure on the brain unless a fracture was sustained at the time.

The question to the witness was not what might, could, or probably would result from the blow on the head, and for that reason be purely speculative, and objectionable as in Houston & T. C. Ry. Co. v. Fox, 106 Tex. 317, 319, 166 S.W. 693; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 82, 15 S.W. 556, 558; Lentz v. Dallas, 96 Tex. 258, 267, 72 S.W. 59; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491.

■ The question to the witness was as to what he had actually observed in his practice as a result of a blow on the head sufficient to raise a bump or cause a contusion, a wound, or bruise without breaking the skin, such as appellee had.

Dr. Brunner testified he had observed in his practice that the result of a blow on the head, where no immediate objective symptoms are apparent, the trouble recurred and was traceable to the blow received. As said in 22 C.J. 623, pp. 713 and 714, and 11 R.C.L. 582, par. 12, p. 633, par. 52, an expert's view of probability is often helpful to a jury. 4 Wigmore on Evidence 198, par. 1976; Scanlon v. Kansas City, 81 S.W.(2d) 939, by the Supreme Court of Missouri.

In Republic Underwriters v. Howard (Tex.Civ.App.) 69 S.W.(2d) 584, where the contention was dizziness, headache, loss of memory, etc., complained of resulted from a lick sustained on the head, and where there was testimony of the injury and that injured party had suffered in the respects reflected by the questions, the Eastland court said that in that state of the record the question did not call for speculation or conjecture as to what might possibly grow out of injury at some remote or indefinite time and referred to Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491, and other cases.

Here where the evidence showed that appellee received an injury on the head, and further tended to show that appellee continued to have pain in the head and headache, we think the question to Dr. Brunner and the answer to the question were not objectionable.

In the argument to the jury, counsel for appellee, in referring to the appellant company's physicians, stated "nothing ever amounts to very much to them: No one is ever injured in their opinion." Appellant submits that in the absence of any evidence to the matter stated the statement is highly prejudiced and constitutes reversible error.

The company's physicians had each stated, in substance, that in their opinion the injury to appellee was slight and that he would recover without any disability in a week or ten days.

Dr. Brunner testified that with the contusion he had observed in examining appellee's injuries, it was reasonably probable that some concussion had occurred.

■■ The evidence of appellee has been stated in part. The question as to the extent of appellee's head injury was for the jury. We cannot say that the remark of counsel complained of constitutes reversible error.

The issue of unavoidable accident was specially pleaded, and, as submitting that issue, the court submitted the following in the charge:

"Supplemental Issue A: Do you find from the evidence that the collision in

question occurred without negligence on the part of either plaintiff or defendant? Answer yes or no."

"Answer the foregoing question yes, unless you find the negative thereof from the preponderance of the evidence; in such event, answer same no."

The objection made to the charge was that it does not adequately and sufficiently submit the issue and that it does not place the burden upon that issue where it belongs.

■ We have concluded that the charge is not subject to the objections made, under the definition of unavoidable accident given by the Commission of Appeals in Dallas Ry. & Terminal Co. v. Darden, 38 S.W.(2d) 777, 779, and the form of the charge submitting the issue of unavoidable accident in Stedman Fruit Co. v. Smith (Tex.Civ.App.) 28 S.W.(2d) 622, 627, approved by the Beaumont court, and by the Austin court in Forehand v. International & G. N. R. Co. (Tex.Civ.App.) 60 S.W.(2d) 830, and by the Eastland court in Fort Worth & R. G. Ry. Co. v. Sageser (Tex.Civ.App.) 18 S.W.(2d) 246, 250.

■ We have also concluded that the charge was sufficient to place the burden of the proof where it belonged.

■ Appellant suggests error in the court's submission of the measure of damages in that it "warrants the jury in allowing double damages or compensation" and "leads the jury to believe they might allow twice · for said elements." The charge is as follows:

"What sum, if paid in cash now, do you find from a preponderance of the evidence, would reasonably compensate the plaintiff for the injuries proximately resulting from the collision in question?

"In connection with this question you are charged that if you find from a preponderance of the evidence as a result of the injuries plaintiff has been prevented from earning money at his avocation, you may take that into consideration in answering the question; and if you find from a preponderance of the evidence that he has suffered mental and physical pain as a result of the collision in question, you may take that into consideration in answering the question; and if you find from a preponderance of the evidence that plaintiff has not recovered from his injuries, if any, and that as a result thereof his ability to labor and earn money in the future has been impaired, you may take that into consideration in answering the question; and if you believe as a result of such injuries, if any, plaintiff will suffer mental and physical pain in the future, you may take that into consideration in answering the question."

As we analyze the charge, the court submits: (1) Money plaintiff has in the past been prevented from earning; (2) mental and physical pain already suffered; (3) lessened ability to labor and earn money in the future; (4) mental and physical pain that he might suffer in the future.

We think a double recovery was not submitted.

Finding no reversible error, the case is affirmed.

PELPHREY, Chief Justice (dissenting).

I cannot agree that supplemental issue A properly submitted the issue of unavoidable accident. It is well settled that a general denial puts upon the plaintiff the burden of proving that the injury did not result from an unavoidable accident. Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S.W. 534, 538.

If there be any evidence sufficient to support a finding that the injury was caused by some unknown cause or in some manner which is not explained, or under circumstances differing from those relied on and constituting a part of appellee's case and which circumstances rebut the charge of alleged negligence for which appellant is responsible, then the issue of unavoidable accident should have been affirmatively submitted. Wichita Falls Traction Co. v. Craig (Tex.Civ.App.) 250 S.W. 733; Colorado & S. Ry. Co. v. Rowe (Tex.Com.App.) 238 S.W. 908, 910; Russell v. Bailey (Tex.Civ.App.) 290 S.W. 1108; Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W.(2d) 183, 185.

In Galveston, H. & S. A. Ry. Co. v. Washington, supra, it was held that a general charge placing the burden of proof upon the plaintiff to prove by a preponderance of the evidence each material allegation in his petition and instructing the jury that if he failed to prove any one or more of the allegations of his petition by a preponderance of the evidence to find for the defendant upon all such issues, did not cover the defense presented by the re-

quested charge which, in effect, presented the issue of unavoidable accident.

The court also held that the defense presented in the requested charge was not embraced in the charge on contributory negligence. In discussing these matters, the court said: "In its general charge the court stated to the jury that the issues presented on the part of the plaintiff were that his injury was occasioned by the negligence of the defendant, specifying particularly the acts of negligence which produced the injury, and that the defendant pleaded a general denial and contributory negligence on the part of the injured boy. We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court. * * * Under such circumstances the defendant had the right to call upon the court to submit specifically the group of facts and circumstances which raised the issues expressed in the special charge. Without this protection, the jury, in rendering a general verdict under a charge so general as that given, may have disregarded a defense which they might have given effect to if it had been brought to their attention."

In Colorado & S. Ry. Co. v. Rowe, supra, the Court of Civil Appeals (224 S.W. 928, 937) held that the issue of unavoidable accident should not have been submitted because it was "merely a negative of the issue submitted as to whether the negligence of the defendant was the proximate cause of the deceased falling from the train," but the Commission of Appeals reversed that holding, saying: "Defendant's general denial made the issue of accident. This issue was co-ordinate with the issue of negligence. If a finding that the defendant was negligent was a negative finding that there was no accident, likewise, a finding that death resulted from accident would have been a negative finding that there was no negligence. Therefore, each issue should have been submitted to the jury so that notice of both might have been given, thereby affording them equal opportunity to attract the attention and win the favor and secure the

approval of the jury instead of requiring the issue of accident to stand outside with only the probability of being considered and with no greater possibility of favor than silent approval involved in the rejection of its rival."

This holding was expressly approved by the Supreme Court. In Dallas Ry. & Terminal Co. v. Garrison, supra, the Court of Civil Appeals [30 S.W.(2d) 1108] held that the submission of the issue of unavoidable accident was properly refused by reason of the fact that the testimony of the motorman and of the driver of the automobile showed conclusively that both were guilty of negligence. Section B of the Commission of Appeals reversed this holding, and, after quoting from the evidence, said:

"There is therefore presented a theory under which the accident might have been found to have happened from causes different from those relied upon by the parties as constituting negligence of the motorman or the negligence of the driver of the car. Under such circumstances, the issue of unavoidable accident is presented. [Citing cases.]

"It is asserted by defendant in error that, even if the issue of unavoidable accident is presented by the evidence, there was no error in refusing to submit the same, because the finding of the jury that both the motorman operating the street car and the driver of the automobile were guilty of negligence excludes the theory of inevitable accident. This court has often held that a defendant cannot be deprived upon any such ground of the affirmative submission of a defense properly pleaded and sustained by proof. Montrief & Montrief v. Bragg (Tex.Com.App.) 2 S.W.(2d) 276; Colorado & Southern Ry. Co. v. Rowe (Tex.Com.App.) 238 S.W. 908.

"A defendant is as much entitled to an affirmative submission of his defenses, which are sustained by proof, as is the plaintiff to have his grounds of recovery so submitted. A plaintiff, relying for a recovery upon certain negligent acts of a defendant, cannot be deprived of an affirmative submission thereof upon the ground that the jury has excluded the issues pleaded by him by findings made upon a submission of defendant's defenses. In respect to the submission of issues for the determination of the jury, both parties to a lawsuit stand upon the same plane. Each is entitled to an affirmative presentation of

all issues properly pleaded and sustained by proof. It is no answer for either to say that the finding of a jury on his issues, which have been submitted, discloses the existence of a state of facts which operate to deprive his adversary of a submission of properly pleaded issues which are raised by the evidence."

The holdings of the Commission in this case were also expressly approved by the Supreme Court. The writer has no quarrel with the definition of an unavoidable accident as found in Dallas Ry. & Terminal Co. v. Darden, referred to in the main opinion, but I do not think, as said by section A of the Commission of Appeals, in Boyles v. McClure, 243 S.W. 1080, 1084, "that a finding of negligence, and that the injury complained of was the proximate result thereof under a given state of facts, always excludes the theory of inevitable accident and renders it unnecessary to submit the same to the jury as an issue in the case."

I am further of the opinion, from a study of the authorities above quoted, that a defendant is entitled to have the issue of unavoidable accident submitted where the evidence is sufficient to show that the accident is attributable to some unknown or unexplained cause.

It also appears from the holding in Dallas Ry. & Terminal Co. v. Garrison, supra, and at least some of the authorities there cited, that the court should submit the issue of unavoidable accident in all cases where the evidence presents a theory under which the accident might have happened from causes different from those relied upon by the parties as constituting negligence of the defendant or the negligence of the plaintiff.

If I be correct in my interpretation of these holdings, then, certainly, merely asking the jury if the accident occurred without negligence on the part of either plaintiff or defendant would not be sufficient.

Fort Worth & R. G. Ry. Co. v. Sageser, Stedman Fruit Co. v. Smith, and Forehand v. International & G. N. R. Co., cited in the main opinion do not approve such a submission of the issue. The question in all of those cases, as I understand them, was as to the sufficiency of definitions of unavoidable accident and in none of them was any attack made on the manner in which the issue was submitted.

Believing that the submission of the issue of unavoidable accident does not always depend upon whether or not negligence is shown and that the issue as submitted is not the affirmative submission of the issue to which appellant was entitled, I must dissent from my brethren in the affirmance of this cause.