**PANHANDLE STAGES, Inc., v. ASTON.**

No. 5552.

Court of Civil Appeals of Texas. Amarillo.

May 10, 1943.

Rehearing Denied June 7, 1943.

912

Phil L. Kelton, of Dallas, and R. A. Wilson, of Amarillo, for appellant.

John H. Merchant and F. H. McGregor, both of Amarillo, for appellee.

STOKES, Justice.

This suit was instituted by appellee, Ina Aston, against the appellant, Panhandle Stages, Inc., to recover damages for personal injuries received by her on October 1, 1941, as a result of the alleged negligence of appellant. The record shows that appellant owned and operated a bus line for the transportation of passengers between Amarillo and Pampa and another such line between Panhandle and Borger. Panhandle is about halfway between Amarillo and Pampa·and the Borger line connects with the Amarillo-Pampa line at Panhandle. Appellee lived at Borger and was returning on one of appellant's busses to her home from a business mission at Pampa. When the bus arrived at Panhandle she attempted to alight therefrom to board the Borger bus, when in some manner her foot slipped on the step and she fell to the pave-

ment, receiving the personal injuries for which she sought damages.

The case was submitted to a jury upon special issues and the jury found that appellee suffered personal injuries on the occasion alleged by her, while alighting from appellant's bus at Panhandle as a result of a fall which occurred substantially as alleged by her; that the step on the bus was slick; that appellant was negligent in maintaining the bus in that condition; and that its negligence in that respect was the proximate cause of appellee's injuries. The jury found that $862.50 would reasonably compensate appellee for the injuries sustained by her, and judgment was entered by the court against appellant in favor of appellee for that amount. Appellant's motion for a new trial being overruled, it has perfected an appeal to this Court and presents two assignments of error in which it contends the court erred, first, in refusing to submit its requested special issue upon the question of unavoidable accident, and, secondly, in admitting the testimony of a physician concerning the duration of appellee's injuries.

Before the court's main charge was submitted to the jury, appellant requested a special issue, in answering which the jury would have been required to find whether or not the accident was unavoidable. Its request for this special issue was based upon the testimony of Guy Davenport, the driver of one of its busses, to the effect that "somewhere around October 1, 1941," he saw a lady start to get off the bus and when she· stepped on the first step "she kind of give and I helped her and she said her foot went to sleep." He said that was all he knew about it, that nothing else was said about it, and that he did not see Mrs. Aston fall to the ground; that the lady he saw did not fall to the ground; and that he was standing at the door of the bus at the time. He said that no such incident as that detailed by Mrs. Aston happened while he was driving the bus. Mrs. Aston testified that she slipped on the step and fell to the pavement. She said that she cried out and that the driver had left the bus and was going to the bus office near by; that when she cried out, he turned and asked her if she was hurt, but that he did not come to her nor give her any assistance, and that she finally arose and boarded the Borger bus. She said the accident happened on October 1, 1941. Appellant contends that the testimony of its

driver Davenport, that the woman told him her foot went to sleep, raised the question of whether or not the accident happened by reason of the condition of Mrs. Aston's foot and was not due to its negligence, but was unavoidable.

■■ We can not agree with appellant that the court erred in refusing to give the special issue requested by it. An "unavoidable accident" is defined as being one which happens without fault or negligence of either party to the transaction. If it could have been prevented by either party by means suggested by common prudence, it is not unavoidable. Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489. The testimony showed that Mrs. Aston was seated near the center of the bus when the bus stopped. It was necessary, therefore, for her to walk from her seat to the door of the bus before she reached the steps on which she attempted to leave the bus. It is clear, we think, that if Mrs. Aston's foot was asleep, she knew it when she attempted to alight from the bus and she would have been guilty of contributory negligence in attempting to descend the steps in that condition without at least asking the bus driver to assist her. If the injury could thus have been avoided by her, it was not the result of an unavoidable accident.

■ Moreover, it was not shown by the testimony that the woman who alighted from the bus of which the witness, Guy Davenport, was the driver was the appellee, Mrs. Aston. He did not identify her at the trial and it was not shown that there were not other busses or drivers serving the same route. As far as the record before us reveals, the accident detailed by Mrs. Aston might have occurred at a different time and on a bus that was being operated by another driver. No witness testified that Davenport was the driver of the identical bus from which Mrs. Aston fell. Mrs. Aston did not identify him as being the driver, nor did he identify Mrs. Aston as being the woman involved in the incident detailed by him. His testimony shows that he did not know whether it was Mrs. Aston or some other woman who alighted from the bus while he was standing at the door and he was not positive as to the date when it happened, stating that it was somewhere around October 1, 1941. We think it is obvious that this testimony did not suggest an unavoidable accident in connection with the injuries received by Mrs. Aston and that the court

was not required to submit the issue requested by appellant.

Appellant's second contention has reference to the testimony of Doctor Thomas. He was asked by counsel for appellee whether, in his opinion, any of the injuries about which he had testified would be permanent. His answer was: "That is a kind of hard question to answer. They could be." Appellant objected to the testimony on the ground that it was conjectural and speculative and moved the court to strike it and instruct the jury not to consider it. The objection and motion were overruled and appellant duly preserved its exception to the ruling of the court. Appellant contends that this action of the court was error of sufficient materiality to require a reversal of the judgment, insisting that the testimony was speculative and conjectural in its nature and therefore prejudicial and inadmissible.

■■ Assuming that appellee was injured, that her injury was the result of the negligence of appellant, and that its negligence was the proximate cause of her injury, as found by the jury, appellant would be liable to appellee for any damages sustained by her as a result thereof, including such as might reasonably and probably be suffered by her in the future; but it was not liable to appellee for such damages as might possibly occur in the future. Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491; City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521. In the Powers case the physician testified as to the possibility of epilepsy developing from the injury to plaintiff's head which resulted from a fall. In the Teague case the physician testified as to the possibility of a sarcoma developing in the plaintiff's knee as a result of an injury received by him. Plainly these were mere possibilities and the court in each case properly held that it was reversible error to admit the testimony over objection of the appellant. In the instant case the physician testified that some of the injuries could be permanent but that it was a hard question to answer. The question did not relate to some possible future development nor was it of that speculative nature which is condemned by the rules of evidence. It concerned the identical injury which appellee testified she had suffered and pertained only to its consequences. It amounted to no more than it would have if the physician had been asked whether or not, in his opinion, such

an injury would result in pain and he had replied that it was a hard question for him to answer but that it could do so. We find no merit in this contention and appellant's assignment of error pertaining to it will be overruled. Republic Underwriters v. Howard, Tex.Civ.App., 69 S.W.2d 584; El Paso Electric Co. v. Beckman, Tex.Civ. App., 89 S.W.2d 470; Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581; National Mut. Casualty Co. v. Lowery, Tex.Civ.App., 135 S.W.2d 1044.

A careful examination of the assignments of error presented by appellant convinces us that no reversible error was committed by the court below, and its judgment will therefore be affirmed.